IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCUS A. MALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-2511-CM |
| ) | |
| STATE OF KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

In his form complaint, pro se plaintiff Marcus A. Maley brings this civil-rights case against the "state of Kansas, SRS,[1] Child Support Collection Division," and Trisha Thomas[2] (doc. 1). Plaintiff was granted leave to proceed with this case without prepayment of fees pursuant to 28 U.S.C. § 1915 (doc. 4).

When a party is proceeding in forma pauperis, § 1915 requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[3] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless

---

[1]According to the agency's website, Kansas Social Rehabilitation Services, i.e. "SRS," has changed its name to the Department for Children and Families. *See* www.dcf.ks.gov.

[2]It is unclear from the complaint who Trisha Thomas is or what position she might hold.

[3]28 U.S.C. §1915(e)(2)(B).

lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] The screening procedure set out in § 1915(e) applies to all litigants, prisoners and non-prisoners alike.[5]

In applying § 1915(e) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[6] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[7] "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[8] The "court need not accept allegations that state only legal conclusions."[9] Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[10]

---

[4] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[5] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[6] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[7] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[8] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *2 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[10] *Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

Plaintiff's form complaint contains very little information. Plaintiff alleges that defendants violated 42 U.S.C. § 1994, which abolishes peonage and declares null and void all acts, laws, or orders that establish, maintain, or enforce the service of persons as peons in liquidation of a debt. He also cites 42 U.S.C. § 407, which governs the assignment of social security benefits.[11] In support of his claim, plaintiff states, in full:

> Begging [sic] in, on or about Dec. of last year 2011 I began to draw Social Security benefits. I was immediately garnished and now found benefits cannot be garnished. US Code states manditory [sic] restitution, and compensation for tort, punitive, negligence and defamation, & suffering."[12]

The undersigned recommends that plaintiff's complaint be dismissed. First, plaintiff makes only vague assertions without providing any detail from which defendants might frame an answer.[13] His "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[14] Second, plaintiff appears to be challenging a state-court decree that orders his social security disability benefits garnished for the payment of child support. Although 42 U.S.C. § 407 ordinarily prohibits the garnishment of disability benefits, "pursuant to 42 U.S.C. § 659(a), those benefits are subject

---

[11]Plaintiff further cites "28 U.S.C. Sec. 4107," which appears to be a typographical error because there is no such statute.

[12]Doc 1 at 3.

[13]*Collier-Kinnell v. United States*, No. 10-4140, 2010 WL 4807075, at *2 (D. Kan. Nov. 17, 2010) (dismissing case under 28 U.S.C. § 1915(e)).

[14]*Hall*, 935 F.2d at 1110.

to garnishment for child support and alimony."[15]  Thus, plaintiff's claim appears to be frivolous.  Third, the defendants named in this action—a state agency and presumably an employee of that agency acting in her official capacity—are very likely immune from this lawsuit under the Eleventh Amendment to the United States Constitution.[16]  For these reasons, the undersigned believes that there is no logical construction of plaintiff's complaint from which to divine a cognizable claim.  In addition, the undersigned finds that any attempt to amend the complaint would be futile.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

A copy of this report and recommendation shall be sent to plaintiff by regular and certified mail.

IT IS SO ORDERED.

Dated August 13, 2012, at Kansas City, Kansas.

---

[15]*DeTienne v. DeTienne*, 815 F. Supp. 394, 396 (D. Kan. 1993).

[16]*See White v. Social Rehabilitation Servs. of Kan.*, No. 10-2046, 2010 WL 2694931, at *2 (D. Kan. June 30, 2010) (holding that Eleventh Amendment immunity prohibited plaintiff's suit against the SRS based on garnishment for payment of child support).

                                    s/ James P. O'Hara  
                                    James P. O'Hara  
                                    U.S. Magistrate Judge