IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARCUS A. MALEY,** | ) |
| **Plaintiff,** | ) ) ) ) ) |
| v. | ) ) ) |
| **STATE OF KANSAS, et al.,** | ) ) ) |
| **Defendants.** | ) ) ) |

Case No. 12-2511-CM

## MEMORANDUM AND ORDER

Plaintiff Marcus A. Maley brings this action pro se and in forma pauperis. He brings it as a civil rights case against the "state of Kansas, SRS, Child Support Collection Division," and Trisha Thomas. (Doc. 1 at 1.) Plaintiff appears to challenge a state-court decree ordering his disability benefits garnished to pay child support. Magistrate Judge O'Hara reviewed plaintiff's complaint sua sponte and issued a Report and Recommendation that the court dismiss plaintiff's case as frivolous. Plaintiff timely objected to the Report and Recommendation.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss sua sponte an in forma pauperis action as failing to state a claim upon which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal is warranted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile. *Whitney*, 113 F.3d at 1173 (citations and quotations omitted). The court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.

2007) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  The court will dismiss the complaint if the complaint does not "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Id.*  Plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" to avoid dismissal.  *Twombly*, 550 U.S. at 570.

The court is mindful of the fact that plaintiff is proceeding pro se.  Because of plaintiff's pro se status, the court affords him some leniency in construing his complaint.  *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted).  The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding pro se.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).  Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney*, 113 F.3d at 1173–74 (citation omitted).

Plaintiff's complaint lacks any factual basis for relief.  For his Statement of Claim, plaintiff merely states that "[Beginning] in, on or about Dec. of last year 2011 I began to draw Social Security benefits.  I was immediately garnished and now found benefits cannot be garnished.  US Code states [mandatory] restitution, and compensation for tort, punitive, negligence and defamation & suffering."  (Doc. 1 at 3.)   This is the extent of the facts contained in plaintiff's complaint.  In his objection, he indicates that "facts are public information" and they are not required until trial. Plaintiff misunderstands the law.  At this stage of the case, plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" to avoid dismissal.  *Twombly*, 550 U.S. at 570.  He has not done so.

In addition to the lack of factual support, plaintiff fails to seek valid legal relief. Plaintiff claims that defendants violated the following statutes:

- 42 U.S.C. § 1994, which abolishes peonage;
- 42 U.S.C. § 407, which prohibits garnishment of disability benefits, except for in cases of child support and alimony under 42 U.S.C. § 659(a); and
- 28 U.S.C. § 4107, which appears to be a typographical error, as the statute does not exist.

None of these statutes offer plaintiff the relief he seeks. He names a number of additional statutes in his objection to Judge O'Hara's Report and Recommendation, but none of those statutes provide plaintiff's requested relief, either.

Finally, the court further finds that amendment would be futile. Both the state agency and Trisha Thomas (presumably an employee of the agency) are entitled to Eleventh Amendment immunity for their actions as set forth by plaintiff. Plaintiff has not alleged any facts or circumstances suggesting that immunity would be denied in this case.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Magistrate Judge O'Hara is adopted.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed for failure to state a claim under the standards of Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

The case is closed.

Dated this 6th day of September, 2012, at Kansas City, Kansas.

                        s/ Carlos Murguia  
                        **CARLOS MURGUIA**  
                        **United States District Judge**